UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| DAVID ABEL and KRISTEN ABEL, <br><br> Plaintiffs, <br><br> vs. <br><br> BANK OF AMERICA, N.A. and DOE DEFENDANTS 1-50, <br><br> Defendants. | CIV. NO. 20-00176 LEK-WRP |

**ORDER DENYING PLAINTIFF'S MOTION FOR ORDER OF REMAND**

Before the Court is Plaintiffs David Abel and Kristin Abel's ("the Abels") Motion for Order of Remand ("Motion"), filed on May 19, 2020. [Dkt. no. 10.] Defendant Bank of America, N.A. ("BOA"), filed its memorandum in opposition on July 10, 2020, and the Abels filed their reply on July 17, 2020. [Dkt. nos. 23, 24.] The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.1(c) of the Local Rules of Practice for the United States District Court for the District of Hawaii ("Local Rules"). The Abels' Motion is hereby denied for the reasons set forth below.

**BACKGROUND**

The Abels' claims in this case arise out of the foreclosure of their condominium unit in Lahaina, Hawai`i. The Abels initially filed a Complaint on July 18, 2019 in the State

of Hawai`i Second Circuit Court ("state court"), together with: Plaintiffs Lin G. Eldridge, Individually and as Trustee of the Linden Geary Eldridge Trust dated October 30, 1997 ("Eldridge"); Stacie Ray Ferreira ("Ferreira"); Richard R. Green ("Green"); Gregg C. Inokuma ("Inokuma"); Isaak K. Lui and Tracy N. Lui ("the Luis"); and Jennifer I. Polich ("Polich" and all collectively with the Abels "Plaintiffs"). [Notice of Removal of Action ("Notice of Removal"), filed 4/20/20 (dkt. no. 1), Exh. A (Complaint).]

BOA's Notice of Removal purports to remove Abel v. Bank of America, N.A., Civil No. 19-1-0234(3)-A, based on diversity jurisdiction, pursuant to 28 U.S.C. §§ 1332 and 1441. [Notice of Removal at pgs. 1-2.] BOA states the Abels only brought claims against BOA. [Id. at ¶ 1.] On April 20, 2020, BOA also filed a Notice of Removal of Action in Inokuma v. Bank of America, N.A., CV 20-00178 LEK-RT ("Inokuma Notice of Removal"). [Inokuma, dkt. no. 1.] On May 20, 2020, Inokuma filed his Motion for Order of Remand ("Inokuma Motion"). [Inokuma, dkt. no. 7.] The Inokuma Motion was granted in part and denied in part in an August 3, 2020 order ("Inokuma Remand Order"). [Inokuma, dkt. no. 20.[1]] The relevant proceedings

---

[1] The Inokuma Remand Order is also available at 2020 WL 4455102. BOA filed a motion for reconsideration of the Inokuma Remand Order on August 17, 2020, and the motion was denied in a
(. . . continued)

before the state court are summarized in the Inokuma Remand Order and will not be repeated here.  See 2020 WL 4455102, at *1-2.[2]  This Court ruled that the Inokuma Notice of Removal was procedurally defective because BOA failed to obtain timely consent to the removal from Defendants Richard Dubuc and Penelope F. Dubuc ("the Dubucs"), who purchased and hold current title to Inokuma's property.  Id. at *2, *5.  Because this was a dispositive defect, the other arguments raised in the Inokuma Motion were not addressed.  Id. at *5.

On August 5, 2020, BOA was ordered to file a statement addressing whether it was maintaining its position on the removal of this case, in light of the Inokuma Remand Order. [Dkt. no. 28.]  BOA filed its statement on August 6, 2020. [Dkt. no. 30.]  BOA argues the instant case is distinguishable

---

September 29, 2020 order ("Inokuma Reconsideration Order"). [Inokuma, dkt. nos. 22, 25.]  The Inokuma Reconsideration Order is also available at 2020 WL 5807332.  The case was remanded immediately after the entry of the Inokuma Reconsideration Order.  See Inokuma, dkt. no. 26 (transmittal letter to the state court).

[2] The March 20, 2020 order issued in the state court granting in part and denying in part the Motion to Dismiss and Sever brought by BOA and Defendant Mortgage Electronic Registration Systems, Inc. ("MERS") ("3/20/20 State Court Order"), and the amended order issued by the state court on March 24, 2020 ("3/24/20 State Court Order") are also part of the record in this case.  See Inokuma Remand Order, 2020 WL 4455102, at *1 (describing the orders); Notice of Removal, Exh. C (3/20/20 State Court Order), Exh. D (3/24/20 State Court Order).

3

from Inokuma because the Abels brought their quiet title and ejectment claims ("Title Claims") against BOA, not against third-party purchasers, like Inokuma's Title Claims against the Dubucs. Id. at 1-2; accord Notice of Removal, Exh. A (Complaint) at pg. 5 (noting that BOA claims current title to the Abels' property and the Dubucs claim current title to Inokuma's property).

This Court agrees that the Inokuma Remand Order is not dispositive of this case, and therefore it is necessary to address the other arguments raised in the Abels' Motion. The Abels argue: 1) BOA has not established that the state court intended to sever the underlying case into separate actions; 2) even if the state court intended to create separate actions, the 3/20/20 State Court Order did not accomplish that; 3) the 3/20/20 State Court Order cannot be the basis for removal because it was involuntary; and 4) all of the defendants named in the state court action were required to consent to the removal of this action.

## **DISCUSSION**

The legal standards set forth in the Inokuma Remand Order, 2020 WL 4455102, at *3, also apply to this Court's consideration of the arguments in the Abels' Motion.

I. **Severance in the State Court**

The state court initially dismissed the Title Claims brought by the Luis, Ferreira, and Polich as untimely, [Notice of Removal, Exh. C (3/20/20 State Court Order) at 3-4,[3]] and stated that "[a]ll Plaintiffs and respective claims shall be severed by individual subject property and proceeded upon in separate trials[,]" [id. at 5]. The state court ruled that the "same transaction or occurrence" requirement in Haw. R. Civ. P. 20(a) was not satisfied in the case,[4] and the state court ordered "severance of the parties and their respective claims," pursuant to Haw. R. Civ. P. 21. [Notice of Removal, Exh. C (3/20/20 State Court Order) at 4-5.]

The Abels state Plaintiffs appealed the 3/20/20 State Court Order on April 17, 2020. [Mem. in Supp. of Motion at 3.] On June 30, 2020, the Hawai`i Intermediate Court of Appeals dismissed the appeal for lack of appellate jurisdiction. Abel

---

[3] The Title Claims brought by Eldridge, Green, and Inokuma were also dismissed as untimely in the amended order. [Notice of Removal, Exh. D (3/24/20 State Court Order) at 3-4.]

[4] Haw. R. Civ. P. 20(a) governs permissive joinder and states, in pertinent part:

> All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action.

5

v. Bank of Am., N.A., No. CAAP-20-0000289, 2020 WL 3547963 (Hawai`i Ct. App. June 30, 2020), *cert. rejected*, SCWC-20-0000289, 2020 WL 5747143 (Hawai`i Sept. 25, 2020).

> Haw. R. Civ. P. 21 states:
>
> Misjoinder of parties is not ground for dismissal of an action. Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. Any claim against a party may be severed and proceeded with separately by order of the court.

Substantively, Fed. R. Civ. P. 21 is the same, stating: "Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." The Ninth Circuit has construed Fed. R. Civ. P. 21 as resulting in "an entirely new and independent case" after severance. Herklotz v. Parkinson, 848 F.3d 894, 898 (9th Cir. 2017) (citations omitted). The Hawai`i Supreme Court has stated that it looks to federal case law regarding Fed. R. Civ. P. 21 for guidance regarding Haw. R. Civ. P. 21. Cty. of Kaua`i ex rel. Nakazawa v. Baptiste, 115 Hawai`i 15, 33, 165 P.3d 916, 934 (2007), *abrogated on other grounds by* Tax Found. of Hawai`i v. State, 144 Hawai`i 175, 439 P.3d 127 (2019).

Thus, although there is no controlling caselaw directly addressing the issue, this Court predicts that the Hawai`i Supreme Court would hold that severance under Haw. R.

6

Civ. P. 21 results in a new and independent action.  See Trishan Air, Inc. v. Fed. Ins. Co., 635 F.3d 422, 427 (9th Cir. 2011) ("In the absence of . . . a decision [by the state's highest court], a federal court must predict how the highest state court would decide the issue using intermediate appellate court decisions, decisions from other jurisdictions, statutes, treatises, and restatements as guidance." (citation and quotation marks omitted)).  This Court therefore concludes that the state court's severance pursuant to Haw. R. Civ. P. 21 is evidence that the state court intended to create new, independent actions.

        The Abels argue that, even if the state court intended to create separate actions when it entered the 3/20/20 State Court Order, neither that order nor the 3/24/20 State Court Order carried out the state court's intent.  It is true that new civil cases were not opened for Eldridge, Ferreira, the Luis, and Polich, whose claims BOA did not attempt to remove after severance, nor was a new civil case for Inokuma's claims created after his case was remanded by this Court.  This district court has, upon granting a motion to sever, specifically ordered the Clerk's Office to open a new civil case for the severed claims. See, e.g., Brown, et al. v. Porter McGuire Kiakona & Chow, LLP, et al., CV 16-00448 LEK-KSC, order granting motion to sever and

7

joinders, filed 11/3/17 (dkt. no. 106), at 11.[5]  The Abels do not cite any controlling legal authority which **requires** similar direction to render the severed claims a separate action, which may then be subject to removal.  Further, this Court is not aware of any such controlling authority.  To require such express direction in spite of the state court's clear statement that the severance was pursuant to Haw. R. Civ. P. 21 would be to place form over substance and would thwart the state court's intent to create separate cases.

## II.  The Voluntary/Involuntary Rule

The Abels next argue that the 3/20/20 State Court Order could not render their claims removable because the severance of their claims was not voluntary action on their part.  The Ninth Circuit has held that, "when an event occurring after the filing of a complaint gives rise to federal jurisdiction, the ability of a defendant to remove is not automatic; instead, removability is governed by the 'voluntary/involuntary rule.'"  People of Cal. ex rel. Lungren v. Keating, 986 F.2d 346, 348 (9th Cir. 1993) (citations omitted).

> The [voluntary/involuntary] rule provides that a suit which, at the time of filing, could not have

---

[5] The Brown order is also available at 2017 WL 10647374. Craig Connelly and Kristine Connelly's claims remained in CV 16-00448, and a new case, CV 17-00554, was created for Benita J. Brown's claims.

> been brought in federal court must "remain in state court unless a 'voluntary' act of the plaintiff brings about a change that renders the case removable." Self [v. Gen. Motors], 588 F.2d [655,] 657 [(9th Cir. 1978)]. As the Supreme Court has stated:
>
>> The obvious principle of [the decisions developing the voluntary/involuntary rule] is that, in the absence of a fraudulent purpose to defeat removal, the plaintiff may by the allegations of his complaint determine the status with respect to removability of a case . . . and that this power to determine the removability of his case continues with the plaintiff throughout the litigation, so that whether such a case nonremovable when commenced shall afterwards become removable depends not upon what the defendant may allege or prove or what the court may, after hearing upon the merits, *in invitum*, order, but solely upon the form which the plaintiff by his voluntary action shall give to the pleadings in the case as it progresses towards a conclusion.
>
> Great Northern Ry. v. Alexander, 246 U.S. 276, 282, 38 S. Ct. 237, 239–40, 62 L. Ed. 713 (1918), *quoted in* Self, 588 F.2d at 659. . . .

Id. (some alterations in Keating).

District courts within the Ninth Circuit have concluded that the voluntary/involuntary rule does not apply when a non-diverse defendant has been fraudulently joined. See, e.g., Gray v. Extended Stay Am., Inc., No. 2:19-cv-01269-MCE-EFB, 2020 WL 1274265, at *4 (E.D. Cal. Mar. 17, 2020) (citing Graybill-Bundgard v. Standard Ins. Co., 793 F. Supp. 2d 1117, 1120-21 (N.D. Cal. 2011) (citing Self v. Gen. Motors Corp., 588 F.2d 655, 656 (9th Cir. 1978))). Fraudulent joinder is a high

9

standard. See Grancare, LLC v. Thrower ex rel. Mills, 889 F.3d 543, 548 (9th Cir. 2018) ("There are two ways to establish fraudulent joinder: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." (citation and internal quotation marks omitted)). BOA has not argued that Plaintiffs' joinder of their claims in one action rose to the level of fraudulent joinder.

Some district courts have concluded that misjoinder, even though not constituting fraudulent joinder, also rendered the voluntary/involuntary rule inapplicable. In re Johnson & Johnson Cases involved sixty-seven individual plaintiffs who filed a joint complaint against Johnson & Johnson, Ethicon LLC, and Ethicon, Inc. In re Johnson & Johnson Cases, Case No. 2:15-cv-05339, 2015 WL 5052377, at *1 (C.D. Cal. Aug. 24, 2015). The state court case number was BC531848. Id. A motion to sever was granted, resulting in sixty-seven separate actions against the three defendants, each of which was allegedly a citizen of New Jersey. Ethicon LLC removed sixty-four of the actions, which involved plaintiffs who were not citizens of New Jersey. Fifty-nine motions for remand were filed, and five cases were remanded without a motion. Id. at *1 & n.2. The order addressed one of the motions, and counsel agreed the order would control as to the other cases. Id. at *2.

10

In rejecting the plaintiff's argument that the removal after the severance was impermissible under the voluntary/involuntary rule, the district court stated:

> To the extent Plaintiff ever had the "power" to determine the removability of BC531848, that power relied from the outset on conditions outside Plaintiff's control.  If the New Jersey plaintiffs had refused to join BC531848 and instead insisted on instituting their own action, Plaintiff could not have defeated removal of BC531848 by her own allegations.  Similarly, if all New Jersey plaintiffs were to reach a settlement with Defendants and dismiss their claims, there is no doubt the case would become removable, notwithstanding Plaintiff's objection that she never voluntarily consented to these settlements.
>
> Thus, the power to defeat removal has been wholly out of Plaintiff's hands from the commencement of this case.  That power was held by other parties who voluntarily consented to join Plaintiff's suit.  Although Plaintiff benefitted from the New Jersey plaintiffs' power to defeat removal, it does not follow that Plaintiff ever personally held the power to defeat removal herself.  Having never personally possessed the power to defeat removal, Plaintiff cannot now assert that "this power to determine the removability of [her] case continues with [her] throughout the litigation . . . ." [Keating, 986 F.2d at 348.]
>
> It is unquestioned that those plaintiffs who had the power to defeat removal of BC531848 before the state court's severance order still retain that power with respect to their new individual suits.  Indeed, those actions are still in state court right now.  But it is Plaintiff, not they, who here asserts the "voluntary-involuntary" rule.  The Court is unaware of **any** formulation of the "voluntary-involuntary" rule that guarantees a plaintiff the continuing collateral benefit conferred by former

11

> co-plaintiffs, notwithstanding a state court's removal of those plaintiffs. Thus, Plaintiff's purported invocation of the "voluntary-involuntary" rule is an attempt to claim a power held by someone else. . . .

Id. at *6 (emphasis and some alterations in Johnson & Johnson). This Court agrees with the analysis in Johnson & Johnson. The Abels are citizens of Oregon and BOA is allegedly a citizen of North Carolina. [Notice of Removal, Exh. A (Complaint) at pg. 3.] The parties do not dispute the amount in controversy exceeds $75,000, excluding interest and costs. Thus, the requirements for diversity jurisdiction are met, see 28 U.S.C. § 1332(a)(1), and the only thing that prevented removal of the Abels' claims when they were first filed was the decision of some of the other Plaintiffs' to file their claims jointly with the Abels. See Notice of Removal, Exh. A (Complaint) at pg. 3 (stating Ferreira is a citizen of Hawai`i), pg. 5 (alleging Defendants Timothy A. Stewart, II and Sanoe M.K. Awai ("the Stewart-Awais"), who claim current title to Ferreira's property, are citizens of Hawai`i); see also Grancare, 889 F.3d at 548 ("Diversity removal requires complete diversity, meaning that each plaintiff must be of a different citizenship from each defendant." (citing Caterpillar Inc. v. Lewis, 519 U.S. 61, 68, 117 S. Ct. 467, 136 L. Ed. 2d 437 (1996))).

To the extent that the Abels originally had the power to defeat removal, it was only as a benefit which the Abels

12

enjoyed because of other Plaintiffs' decision to join their claims with the Abels' claims.  The Abels themselves never held that power directly, and now that the state court has severed Plaintiffs' claims, the Abels have no basis to continue to assert the power to defeat removal.  For the reasons set forth in Johnson & Johnson, this Court concludes that the voluntary/involuntary rule does not apply in this case because the Abels' claims were misjoined with the other Plaintiffs' claims.

### III. Rule of Unanimity

The Abels' final argument is that the Notice of Removal is procedurally defective because BOA did not obtain consent to the removal from MERS, the Dubucs, the Stewart-Awais, and the other defendants in Plaintiffs' Title Claims.  See generally Inokuma Remand Order, 2020 WL 4455102, at *3 (explaining the rule of unanimity).  This argument is rejected because the state court's severance pursuant to Haw. R. Civ. P. 21 created new and independent cases.  Because the Abels only allege claims against BOA, there are no other defendants in this case, and BOA was not required to obtain any other party's consent to the removal of this action.

### IV. Ruling and Request for Removal-Related Fees and Costs

Having rejected all of the Abels' arguments in the Motion, this Court concludes that BOA's removal of this case was

proper.  Because an order of remand will not be issued, it is not necessary to address the Abels' request for removal-related attorneys' fees and costs.  See 28 U.S.C. § 1447(c) ("An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.").

## CONCLUSION

For the foregoing reasons, the Abels' Motion for Order of Remand, filed May 19, 2020, is HEREBY DENIED in its entirety.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, October 23, 2020.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**DAVID ABEL, ET AL. VS. BANK OF AMERICA, N.A., ET AL; CV 20-00176 LEK-WRP; ORDER DENYING PLAINTIFF'S MOTION FOR ORDER OF REMAND**