UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| DAVID ABEL and KRISTEN ABEL,<br><br>        Plaintiffs,<br><br>   vs.<br><br>BANK OF AMERICA, N.A. and DOE DEFENDANTS 1-50,<br><br>        Defendants. | **CIV. NO. 20-00176 LEK-WRP** |

**ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION OF ORDER DENYING PLAINTIFFS' MOTION FOR ORDER OF REMAND [ECF NO. 32]**

On October 23, 2020, the Order Denying Plaintiff's Motion for Order of Remand ("10/23/20 Order") was filed. [Dkt. no. 32.[1]] On November 6, 2020, Plaintiffs David Abel and Kristin Abel ("the Abels") filed their motion for reconsideration of the 10/23/20 Order ("Motion for Reconsideration"). [Dkt. no. 33.] The Court has considered the Motion for Reconsideration as a non-hearing matter pursuant to Rule LR7.1(d) of the Local Rules of Practice for the United States District Court for the District of Hawaii ("Local

---

[1] The 10/23/20 Order is also available at 2020 WL 6257070.

Rules").[2]  The Abels' Motion for Reconsideration is hereby denied for the reasons set forth below.

## BACKGROUND

The factual and procedural background of this case is set forth in the 10/23/20 Order and will not be repeated here. This Court concluded that Defendant Bank of America, N.A.'s ("BOA") removal of this case from the State of Hawai`i Second Circuit Court ("state court") was proper.  10/23/20 Order, 2020 WL 6257070, at *5.  This Court concluded that the state court's severance, pursuant to Haw. R. Civ. P. 21, of the Abels' claims against BOA from the other plaintiffs' claims against BOA and other defendants resulted in the creation of a new, independent action between the Abels and BOA.  Id. at *2-3.  Although the severance was not a voluntary action by the Abels, the voluntary/involuntary rule did not apply because the Abels' claims were misjoined with the other plaintiffs' claims.  Id. at *3-5.

In the Motion for Reconsideration, the Abels argue reconsideration of the 10/23/20 Order is warranted because In re Johnson & Johnson Cases, Case No. 2:15-cv-05339, 2015 WL 5052377 (C.D. Cal. Aug. 24, 2015), which this Court cited in the

---

[2] Local Rule 60.1 states no opposition to or reply in support of a motion for reconsideration "shall be filed unless directed by the court."  This Court finds that no response to the Motion for Reconsideration is required.

10/23/20 Order's discussion of the voluntary/involuntary rule, contains multiple errors of law.

## **DISCUSSION**

Motions seeking reconsideration of orders denying remand are reviewed pursuant to Local Rule 60.1.  See, e.g., Greenspon v. AIG Specialty Ins. Co., Case No. 18-cv-00448-DKW-WRP, 2019 WL 2089980, at *1-2 (D. Hawai`i May 13, 2019); Zyda v. Four Seasons Hotels & Resorts, CIVIL 16-00591 LEK, 2017 WL 2829596, at *1-2 (D. Hawai`i June 30, 2017).  Local Rule 60.1 states, in pertinent part: "Motions for reconsideration of interlocutory orders may be brought only upon the following grounds: (a) Discovery of new material facts not previously available; (b) Intervening change in law; and/or (c) Manifest error of law or fact."

The Abels do not cite newly available evidence, nor do they cite intervening changes in the law.  Instead, their Motion for Reconsideration alleges there are manifest errors in the 10/23/20 Order.  This district court has stated:

> The Ninth Circuit requires that a successful motion for reconsideration accomplish two goals. "First, a motion for reconsideration must demonstrate some reason why the Court should reconsider its prior decision.  Second, the motion must set forth facts or law of a 'strongly convincing' nature to induce the court to reverse its prior decision." Jacob v. United States, 128 F. Supp. 2d 638, 641 (D. Haw. 2000) (citing Decker Coal Co. v. Hartman, 706 F. Supp. 745, 750 (D. Mont. 1988)) (citation omitted).  Mere

>disagreement with a court's analysis in a previous order is not a sufficient basis for reconsideration. See White v. Sabatino, 424 F. Supp. 2d 1271, 1274 (D. Haw. 2006) (citing Leong v. Hilton Hotels Corp., 689 F. Supp. 1572 (D. Haw. 1988)); Haw. Stevedores, Inc. v. HT & T Co., 363 F. Supp. 2d 1253, 1269 (D. Haw. 2005). "Whether or not to grant reconsideration is committed to the sound discretion of the court." Navajo Nation v. Confederated Tribes and Bands of the Yakama Indian Nation, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000)).

VieRican LLC v. Midas Int'l, LLC, CIVIL NO. 19-00620 JAO-KJM, 2020 WL 465017, at *1 (D. Hawai`i Jan. 28, 2020).

The crux of the Motion for Reconsideration is that this Court should not have relied upon Johnson & Johnson. The Abels suggest that, if they had been given the opportunity to present the legal authority they now cite in the Motion for Reconsideration, this Court would have granted their Motion and remanded the case to the state court. The Abels complain that they were required to file their reply in support of the Motion within a shorter time frame than expected, and the scheduled hearing on the Motion was vacated. Their Motion for Reconsideration presents additional authority that their counsel was unaware of when the reply was filed on July 17, 2020.[3] The Abels, however, do not explain why they never requested leave to

---

[3] The Abels' reply in support of the Motion is docket number 24.

file a supplemental memorandum during the three months between the filing of their reply and the issuance of the 10/23/20 Order.  As a general rule, a party cannot seek reconsideration based on grounds that could have been raised in connection with the original motion.  See, e.g., Bruser v. Bank of Haw., CIV. NO. 14-00387 LEK, 2019 WL 404172, at *4 (D. Hawai`i Jan. 31, 2019) (citing Streamline Consulting Grp. LLC v. Legacy Carbon LLC, CIVIL NO. 15-00318 SOM/KSC, 2016 WL 1064444, at *1 (D. Hawai`i Mar. 16, 2016)).  It is not necessary, however, to deny the Abels' Motion for Reconsideration based on their untimely submission of the legal authority.

When considering the Abels' original Motion, this Court did review and consider other legal authority that differs from Johnson & Johnson.  This Court, however, ultimately concluded that the analysis and application in Johnson & Johnson of binding Ninth Circuit precedent was persuasive in this case. The Abels merely disagree with this Court's analysis and ruling, and their disagreement does not constitute grounds for reconsideration of the 10/23/20 Order.  See White, 424 F. Supp. 2d at 1274.  The Abels have therefore failed to present any ground that warrants reconsideration.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Reconsideration of Order Denying Plaintiff's Motion for Order of Remand [ECF No. 32], filed November 6, 2020, is HEREBY DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAI`I, November 12, 2020.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**DAVID ABEL, ET AL. VS. BANK OF AMERICA, N.A., ET AL; CV 20-00176 LEK-WRP; ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION OF ORDER DENYING PLAINTIFFS' MOTION FOR ORDER OF REMAND**